IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LANCE MCLAREN,<br>  TDCJ #802782, USM #29752-077<br>PLAINTIFF, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL CASE NO. 3:25-CV-2009-L-BK |
| | § | |
| ALL US JUDGES, ET AL.,<br>DEFENDANTS. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

  **I. BACKGROUND**

On July 30, 2025, Plaintiff Richard Lance McLaren, a Texas state prisoner, filed a "writ of praecipe." In 1997, McLaren was convicted of organized criminal activity for planning the aggravated kidnapping of two victims. McLaren was sentenced to 99 years imprisonment. *State v. McLaren*, No. 3346 (394th Dist. Ct., Brewster Cnty., Tex., Nov. 4, 1997), *aff'd subnom*, *Otto v. State*, 95 S.W.3d 282 (Tex. Crim. App. 2003). He is now serving that sentence in the Texas Department of Criminal Justice.

In 1998, McLaren was also convicted of numerous counts of mail fraud and bank fraud and was sentenced to an aggregate sentence of 151 months, to be served consecutively to his

state sentence. *United States v. McLaren*, 3:97-CR-128-G(01) (N.D. Tex. June 25, 1998), *aff'd*, 232 F.3d 207, 2000 WL 1272464, *1 (5th Cir. 2000) (unpublished).

McLaren now requests that the Clerk of the Court send a "writ of praecipe" to all "U.S. Judges and State (de facto) Judges of U.S. Reconstruction Texas." Doc. 3 at 1-4 (listing judges). The writ and attachments (totaling over 50 pages) are difficult to decipher and largely irrational. Doc. 3; Doc. 3-1. As best the Court can glean, McLaren asserts that his incarceration violates a treaty that ended the military conflict between the Republic of Texas and the United States. He seeks release from custody and "repatriation" to the Republic of Texas.

## II. ANALYSIS

Because McLaren did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*. As such, his pleadings are subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A)(b). Those statutes provide for the *sua sponte* dismissal of an action if the Court finds that it is frivolous or malicious. An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory." *Id.* at 327.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, McLaren's pleadings are frivolous.

McLaren already has unsuccessfully litigated the claims he asserts in this case. On April 4, 2000, he and Evelyn Ann McLaren, also purportedly of the Republic of Texas, filed a motion

for writ of mandamus seeking repatriation and emergency relief. This Court denied the request for mandamus relief. *McLaren v. United States*, No. 3:00-CV-0707-P (N.D. Tex. Apr. 28, 2000), *rec. accepted* (N.D. Tex. May 15, 2000), *appeal dismissed*, No. 07-10011 (5th Cir. July 11, 2007). The Court held:

> Petitioners and their followers abducted a West Texas couple and held them hostage for 13 hours in the Republic of Texas "embassy" near Fort Davis, Texas. This incident led to a seven-day standoff between Republic of Texas followers and approximately 300 law enforcement officials. The standoff ended when petitioners and most of their followers surrendered. Two hours before the surrender, Richard McLaren and Texas Ranger Captain Barry Caver signed an agreement entitled "International Agreement and Terms of Cease Fire." This is the "treaty" made the basis of petitioners' application for mandamus relief.
>
> Petitioners have previously litigated their claim that they are citizens of the Republic of Texas and therefore nonresident aliens of the United States. Pursuant to the terms of the "treaty" between the two "countries," petitioners filed suit in the United States District Court for the District of Columbia to determine whether the Republic of Texas was an independent nation. That court held that Texas was legally annexed by the United States and the Republic of Texas no longer exists. *McLaren v. United States, Inc.,* 2 F.Supp.2d 48, 51 (D.D.C. 1998). *See also United States v. Texas,* 339 U.S. 707, 717-18, 70 S. Ct. 918, 923, 94 L. Ed. 1221 (1950) (noting that when Texas joined the union "she ceased to be an independent nation ... The United States then took her place as respects foreign commerce, the waging of war, the making of treaties, defense of the shores"). It is clear that petitioners have no right to be repatriated to a fictitious country. Consequently, they are not entitled to the relief sought.

*Id.*

"A *writ of praecipe* amounts to a written motion or request seeking some court action." *Morris v. United States*, No. 3:09-CR-101-D-1, 2025 WL 2524312, at *2 (N.D. Tex. Aug. 29, 2025) (quotation and quoted case omitted). To the extent that McLaren asks this Court to invalidate his conviction based on debunked sovereign-citizen arguments, his contentions are legally frivolous.

> Sovereign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States,

> they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.

*Ducker v. Pitre*, No. 3:23-CV-2546-B-BK, 2023 WL 9183712, at *3 (N.D. Tex. Dec. 7, 2023) (citations omitted), *rec. adopted*, 2024 WL 102935 (N.D. Tex. Jan. 9, 2024).

Accordingly, McLaren's petition for a writ of praecipe should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* McLaren's claims are fatally infirm.  Based on the most deferential review of his pleadings, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims.  Under these circumstances, the Court can only conclude that he has already pleaded his best case and that granting leave to amend would be futile and cause needless delay.[1]

### IV. CONCLUSION

For all these reasons, this action should be **DISMISSED WITH PREJUDICE** as

---

[1] In any event, the 14-day objection period following this Recommendation will permit McLaren the opportunity to proffer facts/claims to cure the deficiencies noted herein, if possible.

frivolous. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on October 20, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).