IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RICHARD LANCE MCLAREN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-2009-L-BK** |
| § | |
| **ALL US JUDGES and STATE (de facto)** § | |
| **JUDGES OF US RECONSTRUCTION** § | |
| **IN TEXAS,** § | |
| § | |
| Defendants. § | |

## ORDER

On October 20, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 5) ("Report") was entered, recommending that the court dismiss with prejudice this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it is based on debunked sovereign citizen type arguments. The Report further recommends that the court not allow Plaintiff to amend his pleadings because it is unlikely he could allege cogent and viable claims for relief that could survive even the most deferential review. Plaintiff filed objections to the Report (Doc. 6), which were docketed on November 4, 2025. His objections include similarly frivolous sovereign citizen allegations.

Having considered the pleadings, file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections and **dismisses with prejudice** as frivolous this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court agrees that Plaintiff should not be given the opportunity to amend his pleadings. Although Plaintiff is pro se and has not previously amended, he has not sought to amend his pleadings. Additionally,

Order – Page 1

instead of explaining how he would cure the pleading deficiency identified by the magistrate judge, Plaintiff simply doubled down and made similarly frivolous sovereign citizen jurisdictional assertions in response to the Report. The court, therefore, determines that he has pleaded his "best case" such that amendment would be futile and unnecessarily delay the resolution of this litigation.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court **concludes** that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 18th day of November, 2025.

Sam A. Lindsay
United States District Judge

Order – Page 2